UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

IN RE MICHAEL G. MITCHELL,

      Debtor.

                                                             Case No. 05-CV-73077-DT
                                                             Bank. No. 04-62654- SWR

MICHAEL G. MITCHELL and KAREN J.
MITCHELL,

      Appellants.

MARK H. SHAPIRO, TRUSTEE,

      Appellee.
_____/

**ORDER DENYING APPELLANTS' APPEAL**

      Pending before the court is Appellants Michael G. Mitchell and Karen J. Mitchell's "Brief in Support of Appeal." Based on its review of Appellants' brief and Appellee's brief in response, the court has concluded that a hearing is not required. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Appellants' appeal.

**I. BACKGROUND**

      On May 30, 2003, Appellant Michael G. Mitchell ("Debtor") financed and took title to real property located at 49160 Arlington Court, Shelby Township, Michigan (the "Arlington Court Property") for a purchase price of $158,000.00. (Designation of Record No. 8 at Ex. C, Answer to Requests For Admissions Nos. 1 and 2.) "[O]ne half of the funds [Debtor] used to purchase the home belonged to he and [Appellant] Karen Mitchell." (*Id*. at Ex. C, Answer to Interrogatories No. 5.) Debtor testified that he and his

wife were told that "in order to get a better rate, the mortgage would be in [his] name only, but the home would still be in both names. Thus, the mortgage on the Arlington Home is in Mr. Mitchell's name only." (Designation of Record No. 9 at Ex. B, Karen Mitchell Aff. at ¶ 10.) Debtor stated that "[b]oth [he] and Mrs. Mitchell were told that the Property would immediately be transferred to both of them at closing so that it would be held as they had always held property throughout their marriage." (Designation of Record No. 8 at Ex. C, Answer to Interrogatories No. 3.) Debtor asserts that "[d]ue to an error on the party of the closing company and/or realtor, and unbeknownst to the Mitchells, a Quit Claim Deed was not filed." (*Id*.)

On March 5, 2004, Debtor transferred the Arlington Court Property from himself to he and his wife (the "Transfer"). (*Id*. at Ex. H, Quitclaim Deed.) On August 11, 2004, Debtor filed a petition for Chapter 7 bankruptcy. On January 24, 2005, the Trustee filed a "First Amended Complaint to Avoid Transfer." (Designation of Record No. 3.) Appellants responded, stating that "reasonably equivalent value was given in exchange for the transfer, and/or the Arlington Court Property was subject to a constructive trust created for the benefit of Mrs. Mitchell." (Designation of Record No. 5 at ¶ 13.) At the close of discovery, both the Chapter 7 Trustee and Appellants filed motions for summary judgment. (Designation of Record Nos. 7, 9.)

On July 27, 2005, the bankruptcy court issued an "Opinion Regarding Cross-Motions for Summary Judgment," determining that "the Mitchells [had] failed to establish that Michigan law would recognize a constructive trust as a matter of law." (Designation of Record No. 12.) Based upon the findings in its Opinion, the bankruptcy court issued an "Order Regarding Cross Motions for Summary Judgment," in which it granted

Plaintiff's motion for summary judgment and denied Defendants' motion for summary judgment. (Designation of the Record No. 13.) Appellants filed their "Notice of Appeal" in this court on August 9, 2005.

## II. STANDARD

"The appropriate standard of review of the bankruptcy court's conclusions of law is de novo." *First Nat'l Bank of Barnesville v. Rafoth* (*In re Baker & Getty Financial Services, Inc.*), 974 F.2d 712, 717 (6th Cir. 1992). In contrast, "[f]indings of fact entered by the bankruptcy court will not be set aside unless clearly erroneous," with "due regard" given to "the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Id.* at 716 (quoting Bankruptcy Rule 8013).

## III. DISCUSSION

### A. The Bankruptcy Court's Determination That The Arlington Home Was Not Subject To A Constructive Trust in Favor of Mrs. Mitchell

The bankruptcy court held that Michigan law would not recognize a constructive trust in this matter and that the "deed at issue did transfer the property from the debtor to the defendants." (Designation of the Record No. 12, Opinion at 6.) More specifically, the court held that Debtor "in no way obtained th[e] property through fraud, misrepresentation, concealment, undue influence, or duress" and "did not take advantage of any necessity or weakness on his wife's part." (*Id.*) Instead, the court held that "taking the Mitchells' assertions of fact as true, the debtor and his wife had a secret arrangement to take title in the debtor's name and then transfer it to the debtor and his wife." (*Id.*) The bankruptcy court further held that "the constructive trust that the Mitchells seek [would] unjustly shield the property from creditors." (*Id.*)

3

Appellants argue that this finding is "in no way supported by the facts." (Appellants' Br. at 12.)  The court disagrees.  The bankruptcy court's findings relating to the arrangement between Mr. Mitchell and his wife are supported by the facts in the record.  For example, in his affidavit, Mr. Mitchell stated:

> [P]rior to the purchase of the Arlington Home, both Mrs. Mitchell and I were experiencing severe financial distress in that we were not able to pay numerous credit card bills as they became due.
>
> That Mrs. Mitchell and I attempted to get a mortgage in both of our names for the purchase of the Arlington Home, however, we were told that in order to get a better rate, the mortgage would be in my name only, but the home would still be in both names.  Thus, the mortgage on the Arlington Home is in my name only.
>
> That at the closing of the Arlington Home, we were informed by the title company and by our real estate agent that since the mortgage was only in my name, the initial deed would be as well, but that immediately thereafter, the Arlington Home would be transferred from myself to Mrs. Mitchell and I, as husband and wife.

(Designation of the Record No. 9, Michael Mitchell's Affidavit at ¶¶ 9-11.)  By arguing in their appellate brief that "we not only have the transferor and transferee testifying as to the agreement, but we also have an independent third party, i.e. the real estate broker, that arranged for the transaction," Appellants are implicitly contending that there was no "secret" arrangement between the Mitchells.  (Appellants' Br. at 12.)  The court does not find, however, that Appellants' assertions that the Mitchells and certain other agents had knowledge of Debtor's plan places the transaction at issue in the realm of a constructive trust.  Because the Mitchells participated in a plan to place title in Debtor's name and then transfer it to Debtor and his wife, the bankruptcy court held that a constructive trust

4

should not be imposed.[1]  In its opinion the bankruptcy court made the distinction between the instant case and cases where property was handled under some inequitable circumstance.[2]  In this case, the bankruptcy court had ample evidence to determine that the property was not acquired by Mr. Mitchell by way of a mistake or false pretense.

### B.  The Bankruptcy Court's Determination that Debtor Did Not Receive Reasonably Equivalent Value For the Transfer

The bankruptcy court also held that "the record establishes that the debtor did not receive reasonably equivalent value in exchange for the transfer."  (Designation of Record No. 12, Opinion at 8.)  In their appeal brief, Appellants' argue that "Debtor received reasonably equivalent in exchange for the Transfer" as "Mr. Mitchell merely transferred back what was given to him by Mrs. Mitchell, i.e. her interest in the entireties property."  (Appellants' Br. at 15.)  The bankruptcy court stated in its opinion that "nothing in the record suggests how much money Mrs. Mitchell contributed to the household expenses and the Mitchells have provided no documentation of that."  (Designation of Record No. 12, Opinion at 8.)  The bankruptcy court pointed out that "[t]he Michigan Supreme Court 'has consistently held that during insolvency entireties

---

[1]A constructive trust may be imposed "where such trust is necessary to do equity or to prevent unjust enrichment[.]" *Ooley v. Collins*, 73 N.W.2d 464, 469 (Mich. 1955). A constructive trust may be imposed when property "has been obtained through fraud, misrepresentation, concealment, undue influence, duress, taking advantage of one's weakness, or necessities, or any other similar circumstances which render it unconscionable for the holder of the legal title to retain and enjoy the property[.] *Potter v. Lindsay*, 60 N.W.2d 133, 136 (Mich. 1953).

[2]*See McCreary v. Shields*, 52 N.W.2d 853 (Mich. 1952); *Kent v. Klein*, 91 N.W.2d 11 (Mich. 1958).

5

estates cannot be created or enhanced at the expense of creditors and that relief may be granted without reference to any actual fraudulent intent.'" (*Id*. (quoting *Glazer v. Beer*, 72 N.W.2d 141 (Mich. 1955)). There is a void of evidence in the factual record on this point such that the bankruptcy court correctly concluded that Debtor did not receive reasonably equivalent value in exchange for the transfer. The record indeed lacks any evidence suggesting how much money Mrs. Mitchell contributed to household expenses and Appellants do not present any evidence of her contribution. The court will affirm the bankruptcy's court holding on this issue.

## IV.  CONCLUSION

IT IS ORDERED that the bankruptcy court's decision is AFFIRMED.


     S/Robert H. Cleland\
ROBERT H. CLELAND\
UNITED STATES DISTRICT JUDGE


Dated:  January 31, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2006, by electronic and/or ordinary mail.

     S/Lisa Wagner\
Case Manager and Deputy Clerk\
(313) 234-5522


S:\Cleland\JUDGE'S DESK\Odd Orders\05-73077.MITCHELL.DenyingAppeal.2.wpd